IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRETT MCDERMOTT<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-122-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On November 22, 2020,[1] state pro se petitioner Brett McDermott filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, McDermott's petition should be dismissed as unexhausted.

## I. Motion to Proceed in Forma Pauperis

McDermott seeks leave of the Court to proceed in forma pauperis. After reviewing the motion and supporting account statement, I find that McDermott has sufficiently shown he cannot afford to pay all costs that may be associated with

---

[1] Under the mailbox rule, a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. See, *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

this action. The motion to proceed in forma pauperis will be granted.

## II. Background/McDermott's Claims

Following entry of a *no lo contendre* plea, McDermott was convicted of Mitigated Deliberate Homicide in Montana's Eighth Judicial District, Cascade County. (Doc. 1 at 2-3.) The District Court sentenced McDermott to 40-years at the Montana State Prison. *Id*. at 3. McDermott did not file a direct appeal, did not seek review of his sentence, and did not seek state postconviction relief. *Id*. Likewise, McDermott did not seek state habeas review. *Id*. at 4. McDermott advises the Court that his pending petition is his "first official filing," *id*., and that his present claims have never been before the Montana Supreme Court. *Id*. at 6.

McDermott alleges trial counsel provided ineffective assistance in various ways. *Id*. at 4, ¶ 13(A). Additionally, McDermott asserts his right to due process was violated when he was not present for several court proceedings and by procedural errors committed by the District Court. *Id*. at 5, ¶ 13(B). McDermott asks this Court to provide him a trial by a jury of his peers or, alternatively, review his sentence. *Id*. at 7, ¶ 17.

## III. Analysis

Although other procedural hurdles may stand in his way in this Court, including statute of limitations and/or procedural default, before he can proceed here, McDermott must exhaust his claims in the state court system. The pending

petition should be dismissed without prejudice in order to allow McDermott to exhaust his claims and then return to this Court, if necessary, at a later date.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

A review of McDermott's petition makes it apparent his claims have not yet been presented to and adjudicated by the state courts. Accordingly, there may still remedies available to McDermott under state law, including extraordinary, direct,

and collateral review. Because McDermott has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice, *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000), and McDermott may return to this Court if and when he fully exhausts the claims relative to his current custody.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

McDermott has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists

4

would find no basis to encourage further proceedings at this time.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

McDermott's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. McDermott may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. McDermott must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may

result in dismissal of his case without notice to him.

DATED this 17th day of December, 2020.

>  */s/ John Johnston*
> John Johnston
> United States Magistrate Judge