IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRETT MCDERMOTT,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　　Respondents. | CV-20-122-GF-BMM-JTJ<br><br>ORDER |

Brett McDermott, a prisoner proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). McDermott then sought leave of Court to proceed in forma pauperis. (Doc. 2). United States Magistrate Judge John Johnston issued an Order with Findings and Recommendations, in which he granted McDermott's in forma pauperis motion. (Doc. 4 at 1–2). Judge Johnston recommended that this Court dismiss McDermott's habeas petition for failure to exhaust his state court remedies. (Doc.

4 at 2–4). Judge Johnston also recommended that this Court deny issuance of a certificate of appealability. (Doc. 4 at 4–5).

McDermott filed a partial objection to the Findings and Recommendations, arguing that the Court should grant a certificate of appealability. (Doc. 7). McDermott insists that he should be allowed to appeal the dismissal of his habeas petition so that the federal appellate court may consider matters related to his state court sentencing. *Id.*

This Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court first addresses the dismissal of McDermott's habeas petition, as McDermott did not specifically object to Judge Johnston's recommendation in this regard. The Court reviewed Judge Johnston's determination on McDermott's habeas petition and found no error. The Court adopts in full the portion of the Findings and Recommendations that direct McDermott to exhaust his state court remedies before seeking relief in federal court. (Doc. 4 at 2–4); *see also* 28 U.S.C. § 2254(b)(1)(A) (proscribing federal courts' granting of habeas corpus writs brought by prisoners unless "the applicant has exhausted the remedies available in

the courts of the State"). McDermott should seek out those remedies available to him in the state court system before seeking assistance in federal court. Those remedies may include a direct appeal, sentence review, state postconviction relief, or state habeas review. The Court dismisses McDermott's petition without prejudice. Barring other procedural hurdles to federal court relief, McDermott may return to this Court only after he fully exhausts the claims relative to his current custody in the state court system.

The Court reviews de novo Judge Johnston's recommendation against issuing a certificate of appealability. Rule 11(a) of the Rules Governing § 2254 Proceedings requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The writ of habeas corpus plays a vital role in protecting constitutional rights. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A court should issue a certificate of appealability for those claims in which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies the standard if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where the court dismisses the claim on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

McDermott makes no argument that he was deprived of a constitutional right, but instead argues against the procedure employed in his state court proceedings. The Court cannot make a determination that McDermott has shown that he was denied a constitutional right. The Court dismissed McDermott's habeas petition on procedural grounds, based on available state court remedies not yet exhausted by McDermott. The Court determines that reasonable jurists likely would agree on the correctness of the Court's procedural ruling. In this circumstance, an appeal of the Court's decision stands unwarranted. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). The Court concludes that a certificate of appealability should not issue in this matter.

## ORDER

Accordingly, **IT IS ORDERED**:

1. McDermott's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as unexhausted.

2. The Clerk of Court is directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

  3.  A certificate of appealability is **DENIED.**

Dated this 1st day of March, 2021.

_____
Brian Morris, Chief District Judge
United States District Court